

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| RICKY R. FRANKLIN | ) | Civil Action No: |
| Plaintiff, | ) ) | 1:16-cv-09660 |
| v. | ) ) ) | Judge Robert W. Gettleman<br>Magistrate Judge Maria Valdez |
| EXPRESS TEXT LLC | ) ) | |
| Defendant | ) ) ) | RECEIVED<br>OCT 1 1 2016 |

## ORIGINAL COMPLAINT

THOMAS G BRUTON
CLERK, U S DISTRICT COURT

NOW COMES the Plaintiff, RICKY R. FRANKLIN, by and through himself and for his Complaint against the Defendant, EXPRESS TEXT LLC, and Plaintiff states as follows:

## NATURE OF THIS ACTION

1. Plaintiff brings this action for actual and statutory damages arising out of and relating to the conduct of Defendant, to include all of its affiliates, subsidiaries, and/or related entities, as well as all persons and entities acting on behalf of Defendants, including but not limited to EXPRESS TEXT LLC., (hereinafter, EXP) and, in negligently, knowingly, and/or willfully contacting Plaintiff on his cellular telephone without his prior express written consent within the meaning of

the TCPA. This is an action for actual and statutory damages for violations of the Telephone Consumer Protection Act (hereinafter, "TCPA"), 47 U.S.C. section 227 *et seq.*[1]

## JURISDICTION & VENUE

2. Jurisdiction arises under the TCPA, pursuant to 28 U.S.C. sections 1331.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. RICKY R. FRANKLIN, (hereinafter, Plaintiff) is a natural person at all relevant times residing in county of Henry, State of Georgia.

5. Defendant EXPRESS TEXT LLC is a domestic company with a corporate office located at 410 South 44th Avenue, Northlake, Illinois, 60164.

6. At all relevant times, Defendants has conducted business in Georgia, solicited business in Georgia, engaged in a persistent course of conduct in Georgia, or has derived substantial revenue from services rendered in Georgia.

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA). The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. § 201 et seq.

2

# **THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA) 47 U.S.C §227**

7. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

8. The TCPA regulates, inter alia, the use of automated telephone equipment, or "predictive-dialers", defined as equipment which "has the capacity…(a) to store or produce telephone numbers to be called, using a random or sequential number generator; and (b) to dial such numbers. 47 U.S.C. § 227(a)(1). Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of auto-dialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.[2]

9. According to findings by the Federal Communications Commission (FCC), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[3]

---

[2] 47 U.S.C. § 227 (b)(1)(A)(iii).
[3] Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, CG Docket No. 02-278, Report and Order, 18 FCC Rcd. 14014 (2003).

10. Defendant has sent out thousands of unlawful text messages in violation of the TCPA. Be effectuating these unauthorized text message calls (also known as "SMS Messages"), Defendant has caused consumers actual harm, not only because consumers were subjected to the aggravation that necessarily accompanies mobile spam, but also because consumers frequently have to pay their cell phone service providers for the receipt of such spam and such messages diminish cellular battery life, waste data storage capacity, and are an intrusion upon seclusion.

11. In order to redress these injuries, Plaintiff brings this suit under the TCPA, which specifically prohibits unsolicited voice and text calls to cell phones. Defendants has sent unwanted text messages in a manner which violates the right of privacy of all consumers.

12. In recent years, marketers who often have felt stymied by federal laws limiting solicitation by telephone, facsimile machine, and email have increasingly looked to alternative technologies through which to send bulk solicitations cheaply.

## A BRIEF OVERVIEW OF TEXT MESSAGING

13. One of the newest types of such bulk marketing is to advertise through Short Message Services. The term "Short Message Service" or "SMS" describes a messaging system that allows cellular telephone subscribers to use their cellular telephones to send and receive short text messages, usually limited to 120-150 characters.

14. An "SMS message" is a text message call directed to a wireless device through the use of the telephone number assigned to the device. When an SMS message call is successfully made, the recipient's cell phone rings, alerting him or her that a call is being received.

15. Unlike more conventional advertisements, SMS calls, and particularly wireless or mobile spam, can actually cost their recipients money, because cell phone users must frequently pay their respective wireless service providers either for each text message call they receive or incur a usage allocation deduction to their text plan, regardless of whether or not the message is authorized.

16. Most commercial SMS messages are sent from "short codes" (also known as "short numbers"), which are special cellular telephone exchanges, typically only five or six digit extensions, that can be used to address SMS messages to mobile phones. Short codes are generally easier to remember and are utilized by consumers to subscribe to such services such as television program voting or more benevolent uses, such as making charitable donations.

17. A short code is sent to consumers along with the actual text message and conclusively reveals the originator of the SMS message.

18. Text messages are "calls" within the context of the TCPA. See…Satterfield v. Simon & Schuster, Inc., 569 F.3d (9th Cir. 2009).

## ALLEGATIONS OF FACT

19. On July 17, 2015 Plaintiff received a text message from short code 545-454 belonging to Defendant EXP. The text message read:

TONIGHT: Use this text for Free Entry until 12am at Gold Room w/Quinn & Jukebox, Frank Ski & DJ Eclazz! Upscale Dress 2416 Piedmont Ave, Atl GA Fridayrecess.com

20. Plaintiff received over 115 text messages to his cell phone from Short Code 545-454 owned by Defendant Express Text, LLC.

21. Plaintiff continues to receive Short code text messages from 545-454. Surprisingly enough Defendant does not offer a "Opt-out" method to its consumers ie…text Stop to Stop or any other method of opting out.

22. Frustrated by the continued text messages, Plaintiff text the word "**HELP**", and the system replied:

**IA SMS alerts 2 msgs/mo Info: <u>Help@incriminatoraudio.com</u> Reply Stop to Stop. Msg & Data Rates May Apply**

23. Plaintiff called the company incriminator audio and was told that Defendant EXP owned the short code 545-454 and is responsible for the text messages.

24. On or about September 21st a representative from Defendant EXP called the Plaintiffs cell phone and apologized to the Plaintiff and explained that the Plaintiff's number had been removed from the automated system.

25. The Federal Communication Commission (FCC), the organization that governs the TCPA, has interpreted text messages to be "calls" under the TCPA, therefore, prior express written consent is required for both calls and texts.

26. Plaintiff suffered actual damages in the form of embarrassment, humiliation and anger as a result of the calls. The text messages are an invasion of privacy, and harassment due to the continuous unwarranted texts, as well as additional data rate charges to his cellular telephone plan.

27. Plaintiff suffered harm and damages in the form of emotional distress such as anger, and resentment each time he received a text message from the Defendant.

## QUESTIONS OF LAW

28. Questions of law and fact include, but are not limited to, the following:

a. Whether Defendant's conduct is governed by the TCPA;

b. Whether the mobile spam sent by Defendant violated the TCPA;

c. Whether Defendants conduct was knowing and/or willful;

d. Whether Defendant is liable for damages and the amount of such damages.

## COUNT I-TCPA 47 U.S.C. SECTION 227, ET SEQ.

29. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. Using prohibited equipment and without prior express written consent, the Defendant Express Text LLC, contacted the Plaintiff over one hundred-fifteen

(115) times by means of automatic text messaging to a cellphone or pager in violation of 47 U.S.C. §227(b)(1)(A)(iii).

31. As a result of the Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to treble damages of up to $1,500.00 for each and every call in violation of the statue, pursuant to 47 U.S.C. § 227(b)(3).

32. As a result of the Defendant's violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to $500.00 for each and every call in violation of the statute.

## **PRAYER FOR RELIEF COUNT I**

a) Assessing against Defendant, damages of $1,500 for each of the one hundred fifteen (115) violations of the TCPA found by the Court to have been committed by Defendant, willfully and knowingly; if the Court finds Express Text LLC, has engaged in violations of the TCPA which are not willful and knowing, then assessing against Defendant damages of $500 for each violation of the TCPA, as provided by 47 U.S.C. §227;

b) Assessing against Defendants, all costs incurred by the plaintiff; and

c) Awarding such other relief as justice and equity may require.

Respectfully submitted,

*Ricky*

Ricky R. Franklin
708 Brambling Way
Stockbridge, GA 30281
rrfrank12@hotmail.com