# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| RICKY R. FRANKLIN | ) | Civil Action No: 1:16-cv-09660 |
| Plaintiff, | ) | **JURY DEMAND** |
| v. | ) | Honorable Robert W. Gettleman |
| | ) | **1st Amended** |
| EXPRESS TEXT LLC | ) | **Complaint** |
| Defendant | ) | |

## AMENDED COMPLAINT

NOW COMES the Plaintiff, RICKY R. FRANKLIN, by and through himself and for his Complaint against the Defendant, EXPRESS TEXT LLC, and Plaintiff states as follows:

## INTRODUCTION

1. Plaintiff brings this action for actual and statutory damages arising out of and relating to the illegal actions of Defendant Express Text, LLC. ("EXP") calling/texting on behalf of World Win Events, and its related entities, subsidiaries and agents in negligently, knowingly, and/or willfully contacting Plaintiff on his cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA"), thereby invading Plaintiffs' privacy.

2. The TCPA was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like the Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." Mims v. Arrow Fin. Servs., LLC, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub. L. No. 102-243, § 11. Toward this end, Congress found that:

[b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, No. 11-C-5886, 2012 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an

invasion of privacy, regardless of the type of call...." *Id.* at §§ 12-13. *See also Mims*, 132 S. Ct. at 744.

5. The Federal Communication Commission ("FCC") has made rulings regarding the TCPA's vicarious liability standards as it relates to telemarketing. As early as 1995, the FCC stated that "[c]alls placed by an agent of the telemarketer are treated as if the telemarketer itself paced the call." See *In re Rules and Regulations Implementing the TCPA of 1991*, 10 FCC Rcd. 12391, 12397 ("The 1995 Ruling.")

## JURISDICTION & VENUE

6. This Court has federal question jurisdiction because this case arises out of violations of federal law. *See* 47 U.S.C. § 227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

7. To have standing in federal court, Plaintiff must have suffered a particularized and concrete harm.

8. Unwanted calls cause tangible harms and intangible harms.

9. In the recent Supreme Court decision of *Spokeo, Inc. v. Robin*, __ U.S. ____, 2016 WL 282447 (May 16, 2016), the Court stated that one way to establish that an intangible injury is concrete is to evaluate whether it "has a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American court." *Id* at *7.

3

10. For example, invasion of privacy is an intangible harm that is recognized by the common law and is recognized as a common law tort.

11. When enacting the TCPA, Congress stressed the purpose of protecting consumers' privacy.

12. As Senator Hollings, the Act's sponsor, stated "Computerized calls are the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone right out of the wall." 137 Cong. Rec. 30,821-30,822 (1991).

13. In a recent decision discussing Plaintiff's Article III standing under a TCPA claim, the Court stated that wasting a consumer's time, and causing risk of injury due to interruption and distracting provides Article III standing. "Here, the court is satisfied that Plaintiffs' allegations demonstrate "concrete injury" as elucidated in *Spokeo*. In *Spokeo*, the "injury" Plaintiffs incurred was arguably merely procedural and thus non-concrete. In contrast, the TCPA violations alleged here, if proven, required Plaintiff to pay his respective wireless service provider for each text message call he received, or incur a usage allocation deduction to his text plan, regardless of whether or not the message is authorized. The use of the autodialer, which allegedly enabled Defendants to make massive amounts of calls at low cost and in a short period of time, amplifies the severity of this injury. As Congress put

it…such an injury is sufficiently concrete to confer standing." *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at *2-*4 (N.D. Ill. Aug. 10, 2012).

14. The FCC has explicitly stated that the TCPA's prohibition on Automatic Telephone Dialing System ("ATDS") "encompasses both voice calls and text calls to wireless numbers including, for example, short message service (SMS) calls. . . ." *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Report and Order, 18 FCC Rcd. 14014, 14115 (July 3, 2003).

15. According to the FCC, a system need not actually store, produce, or call randomly or sequentially generated telephone numbers, **it need only have the capacity to do it (emphasis added).** 9th Cir Court of Appeals – Satterfield v. Simon & Schuster, 569 F.3d 946 (9th Cir, 2009)

16. In 2015, the FCC Order further defined the so-called "call-to-action" texts…where a consumer requests a code or information to get a discount on merchandise. This type of one-time text message sent immediately after a consumer's request does not violate the TCPA. The FCC reasoned that this type of responsive text is not "telemarketing," but rather "fulfillment of the consumer's request to receive the text," and that a call-to-action text does not run afoul of the TCPA so long as it "(1) is requested by the consumer; (2) is a one-time only message sent immediately in response to a specific consumer request; and (3)

contains only the information requested by the consumer with no other marketing or advertising information. If a business sends more than a single text as a response to the consumer, however, our rules require **prior express written consent** with the specified disclosures.

*In re Rules & Regs. Implementing the TCPA of 1991*, 30 FCC Rcd. 7961, 8015-16 (2015) ("*July 2015 Order*").

17. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1).

## PARTIES

18. RICKY R. FRANKLIN, (hereinafter, Plaintiff) is a natural person at all relevant times residing in county of Henry, State of Georgia.

19.. Defendant EXPRESS TEXT LLC is a domestic company with a corporate office located at 410 South 44th Avenue, Northlake, Illinois, 60164.

20. At all relevant times, Defendants has conducted business in Georgia, solicited business in Georgia, engaged in a persistent course of conduct in Georgia, or has derived substantial revenue from services rendered in Georgia.

## ALLEGATIONS OF FACT

21. On July 17, 2015 Plaintiff received a text message from short code 545-454 belonging to Defendant EXP. The text message read:

**TONIGHT: Use this text for Free Entry until 12am at Gold Room w/Quinn & Jukebox, Frank Ski & DJ Eclazz! Upscale Dress 2416 Piedmont Ave, Atl GA Fridayrecess.com**

22. After receiving the text code, Plaintiff received one-hundred fourteen (114) more text messages from short code 545-454, from Defendant EXP, sent on behalf of World Win Events, without prior express written consent of the Plaintiff. The messages read as follows:

**TONIGHT: Show this text for Free Entry til 12AM at SUITE feat. Quinn & Band, Traci Steele, DJ Teknology & Comp Bud Light (375 Luckie St. Atl, GA) Saturdaymixx.com**

23. Plaintiff continues to receive Short code text messages from 545-454. Surprisingly enough Defendant does not offer a "Opt-out" method to its consumers ie…text Stop to Stop or any other method of opting out.

24. Frustrated by the continued text messages, Plaintiff text the word "**HELP**", and the system replied in less than a second:

**IA SMS alerts 2 msgs/mo Info: Help@incriminatoraudio.com Reply Stop to Stop. Msg & Data Rates May Apply**

25. Plaintiff called the company incriminator audio and was told that Defendant EXP owned the short code 545-454 and is responsible for the text messages.

7

26. On or about September 21st, 2016 a representative from Defendant EXP called the Plaintiffs cell phone and apologized to the Plaintiff and explained that the Plaintiff's number had been removed from the automated system.

27. The Federal Communication Commission (FCC), the organization that governs the TCPA, has interpreted text messages to be "calls" under the TCPA, therefore, prior express written consent is required for both calls and texts.

28. Plaintiff suffered actual damages in the form of embarrassment, humiliation and anger as a result of the calls. The text messages are an invasion of privacy, and harassment due to the continuous unwarranted texts, as well as additional data rate charges to his cellular telephone plan.

29. Plaintiff suffered harm and damages in the form of emotional distress such as anger, and resentment each time he received a text message from the Defendant.

## QUESTIONS OF LAW

30. Questions of law and fact include, but are not limited to, the following:

a. Whether Defendant's conduct is governed by the TCPA;

b. Whether the mobile spam sent by Defendant violated the TCPA;

c. Whether Defendants conduct was knowing and/or willful;

d. Whether Defendant is liable for damages and the amount of such damages.

## COUNT I-TCPA 47 U.S.C. SECTION 227, ET SEQ.

31. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. Using prohibited equipment and without prior express written consent, the Defendant Express Text LLC, on behalf of World Win Events, contacted the Plaintiff over one hundred-fourteen (114) times by means of automatic text messaging to a cellphone or pager in violation of 47 U.S.C. §227(b)(1)(A)(iii).

33. As a result of the Defendant's knowing and/or willful violations of 47 U.S.C.

§ 227 et seq., Plaintiff is entitled to treble damages of up to $1,500.00 for each and every call in violation of the statue, pursuant to 47 U.S.C. § 227(b)(3).

34. As a result of the Defendant's violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to $500.00 for each and every call in violation of the statute.

## **PRAYER FOR RELIEF COUNT I**

a) Assessing against Defendant, damages of $1,500 for each of the one hundred fourteen (114) violations of the TCPA found by the Court to have been committed by Defendant , willfully and knowingly; if the Court finds Express Text LLC, has engaged in violations of the TCPA which are not willful and knowing, then assessing against Defendant damages of $500 for each violation of the TCPA, as provided by 47 U.S.C. §227;

b) Assessing against Defendants, all costs incurred by the plaintiff; and

c) Awarding such other relief as justice and equity may require.

                                    Respectfully submitted,

                                    //s//Ricky R. Franklin

                                         Ricky R. Franklin
                                       708 Brambling Way
                                      Stockbridge, GA 30281
                                         rrfrank12@hotmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 12, 2017, I electronically filed or caused to be electronically filed with the Clerk of the U.S. District Court, Northern District of Illinois Eastern Division, the foregoing Amended Complaint by using the CM/ECF system, which will send notification of such filing(s) to the following:

Moshe D. Lapin (Admitted *pro hac vice*) Lapin Law Firm
300 E. Lombard St., Suite 840
Baltimore, MD 21202
T: (888) 858-0340
F: (212) 320-0248 moshe@lapinlegal.com


Eugene N. Traunfeld
500 Skokie Blvd. Suite 150
Northbrook, IL 60062
T: (312) 213-8095 traunfeldlaw@gmail.com

**ATTORNEYS FOR DEFENDANT**

**EXPRESS TEXT, LLC**