**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| RICKY R. FRANKLIN | ) | |
| | ) | Case No. 1:16-cv-09660 |
| Plaintiff | ) | |
| | ) | Judge: Robert W. Gettleman |
| vs. | ) | |
| | ) | Magistrate: Maria Valdez |
| EXPRESS TEXT LLC | ) | |
| | ) | |
| Defendant. | ) | |

**EXPRESS TEXT LLC'S
MOTION FOR SUMMARY JUDGMENT**

Defendant Express Text LLC ("Express Text"), through the undersigned counsel and pursuant to Rule 56 of the Federal Rules of Civil Procedure, hereby files this Motion for Summary Judgment. In support of this Motion, Express Text submits an accompanying Memorandum of Law, Statement of Undisputed Material Facts in Support of Motion for Summary Judgment and Declaration of Ashish Patel (with Exhibit A), and states as follows:

1. On April 12, 2017, Plaintiff filed the currently operative Amended Complaint against Defendant, seeking to hold Express Text liable for alleged direct violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 et seq. ("TCPA").

2. However, as set forth in Express Text's Memorandum in support of its Motion for Summary Judgment ("Memorandum"), the undisputed material facts demonstrate that Express Text did not make or initiate the text messages at issue and thus, Express Text cannot be directly liable for a violation of the TCPA. The text messages alleged to have been received by Plaintiff were initiated by a customer of Express Text. By Plaintiff's own admission, the text messages were in the nature of promoting DJ/music entertainment featured in various clubs in Georgia.

1

3.  Further, Express Text cannot be found vicariously liable for violations of the TCPA, as Plaintiff fail to allege any claim for vicarious liability, and there are no facts existing in the record to demonstrate that Express Text had any direction or control over the actions of its website user.

4. The Plaintiff alleges that Express Text violated the TCPA by using an "automatic telephone dialing system" ("ATDS") to send text messages to Plaintiff. The TCPA defines an "automatic telephone dialing system" as "equipment which has the capacity to (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1). This simple definition was intended to apply only to dialers used by telemarketers to call blocks of numbers randomly or sequentially.

5. Plaintiff has failed to meet its evidentiary burden showing that Express Text employed an ATDS as required under the TCPA. The text messages at issue were sent only as the result of human intervention and are thus not actionable under the TCPA.

For the foregoing reasons, and for the reasons set forth in the accompanying Memorandum, Express Text respectfully requests that the Court grant summary judgment in its favor, together with such other and further relief as this Court deems just and proper.

Dated: April 26, 2017                  Respectfully submitted,

**LAPIN LAW FIRM**

/s/ Moshe D. Lapin
_____

By:     Moshe D. Lapin (Admitted *pro hac vice*)
        Lapin Law Firm
        300 E. Lombard St., Suite 840
        Baltimore, MD 21202
        T: (888) 858-0340
        F: (212) 320-0248
        moshe@lapinlegal.com

*Attorney for Defendant*

<u>Local Counsel Pursuant to LR83.15</u>:
Eugene N. Traunfeld
500 Skokie Blvd. Suite 150
Northbrook, IL 60062
T: (312) 213-8095
traunfeldlaw@gmail.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 26, 2017, I electronically filed or caused to be electronically filed with the Clerk of the U.S. District Court, Northern District of Illinois Eastern Division, the foregoing MOTION FOR SUMMARY JUDGMENT by using the CM/ECF system, which will send notification of such filing(s) to all counsels of record.


/s/ Moshe D. Lapin
_____

By:    Moshe D. Lapin (Admitted *pro hac vice*)
Lapin Law Firm
300 E. Lombard St., Suite 840
Baltimore, MD 21202
T: (888) 858-0340
F: (212) 320-0248
moshe@lapinlegal.com