IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICKY R. FRANKLIN ) | |
| ) | |
| Plaintiff, ) | Case No. 16 C 9660 |
| v. ) | |
| ) | Judge Robert W. Gettleman |
| EXPRESS TEXT LLC ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM OPINION AND ORDER

Pro se plaintiff Ricky Franklin has filed a complaint against defendant Express Text alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C § 227, in connection with text messages he received that were allegedly sent by defendant. Defendant has moved for summary judgment. For the reasons described below, the motion is granted.

### FACTS[1]

Plaintiff claims to have received more than one hundred text messages between July 17, 2015, and September 21, 2016, at which point plaintiff claims to have been contacted by defendant and informed that he was removed from defendant's database. In response, plaintiff

---

[1] The following facts are, unless otherwise specified, undisputed and taken from the parties' Local Rule 56.1 statements, responses, and attached exhibits. However, plaintiff's response to defendant's L.R. 56.1 statement contains improper answers. L.R. 56.1(b)(3) requires "a concise response to the movant's statement." Some of plaintiff's "concise" responses overflow with argument and factual assertions wholly unrelated to the assertions in defendant's statements. This additional extraneous information will not be considered by the court. See, e.g., Stevo v. Frasor, 662 F.3d 880, 886-87 (7th Cir. 2011) ("Because of the high volume of summary judgment motions and the benefits of clear presentation of relevant evidence and law, we have repeatedly held that district judges are entitled to insist on strict compliance with local rules designed to promote clarity of summary judgment filings."); McGuire v. United Parcel Serv., 152 F.3d 673, 675 (7th Cir. 1998) ("An answer that does not deny the allegations in the numbered paragraph with citations to supporting evidence in the record constitutes an admission.").

inexplicably continued to send text messages to the number from which he had received the allegedly unwelcome text messages, seemingly for the purpose of receiving a number of automated responses from that number, each of which he alleges violate the TCPA and entitle him to increased damages.[2] Plaintiff's response is particularly puzzling considering his claim that he suffered severe emotional stress and financial damages (in the form of additional data charges) with each and every text that he received. According to plaintiff, all of these text messages were sent by defendant and without his consent, and therefore violate the TCPA, entitling plaintiff to damages.

## DISCUSSION

### I. Legal Standard

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the burden of establishing both elements, Becker v. Tenenbaum-Hill Associates, Inc., 914 F.2d 107, 110 (7th Cir. 1990), and all reasonable inferences are drawn in the non-movant's favor. Fisher v. Transco Services - Milwaukee, Inc., 979 F.2d 1239, 1242 (7th Cir. 1992). If the movant satisfies its burden, then the non-movant must set forth specific facts showing there is a genuine issue for trial. Nitz v. Craig, 2013 WL 593851, at *2 (N.D. Ill. Feb. 12, 2013). In doing so, the non-movant cannot simply show some metaphysical doubt as to the material facts. Pignato v. Givaudan Flavors Corp., 2013 WL 995157, *2 (N.D. Ill. Mar. 13, 2013)

---

[2] Plaintiff failed to allege the preceding facts in either his complaint or his Local Rule 56.1 statement of facts, both of which focus almost solely on provisions of the TCPA. Instead, these allegations are included in the "Factual Background" section of his response to defendant's motion for summary judgment.

(citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)). Additionally, simply denying the movant's arguments is insufficient to defeat a motion for summary judgment. See Haddad v. Dominican Univ., 2007 WL 809685, at *2 (N.D. Ill. Mar. 15, 2007) ("In the absence of genuinely disputed facts stated in the Local Rule 56.1 statements of fact and supported by evidence in the record, it is appropriate to grant summary judgment against the non-movant."). This is equally true for pro se plaintiffs and those represented by counsel. Philipper v. Dorn, 1999 WL 558123, at *6 (N.D. Ill. July 26, 1999).

**II.  Analysis**

Defendant argues that it is entitled to summary judgment for three reasons: (1) it did not send plaintiff any text messages, but rather is an online platform through which its customer, WorldWin Events, sent the text messages; (2) the text messages were not sent using an Automated Telephone Dialing System ("ATDS"), a statutory requirement for liability under the TCPA; and (3) plaintiff, or the previous owner of plaintiff's cellular phone number, did consent to receive the text messages by participating in an Instagram promotion. The court need only address the first argument.

Defendant's argument is simple. Defendant is a mobile marketing company that provides content routing software to its customers, including WorldWin Events. Those customers use the software to compile groups of telephone numbers and create and send texts messages to those groups. Accordingly, defendant does not send text messages, but rather its customers do. Defendant argues that, because it does not send text messages, it cannot violate the TCPA. The court agrees.

The TCPA provides that it is unlawful "to *make* any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system . . . ." 47 U.S.C § 227(b)(1)(A) (emphasis added). This prohibition includes sending text messages. Blow v. Bijora, Inc., 855 F.3d 793, 798 (7th Cir. 2017). Accordingly, defendant can be liable under the TCPA only if it initiated the text messages at issue. Smith v. State Farm Mut. Auto. Ins. Co., 30 F. Supp. 3d 765, 771 (N.D. Ill. 2014) (citing In re Joint Petition filed by dish Network, LLC, 28 F.C.C.R. 6574, 6582 ¶ 24 (2013); Golan v. Veritas Entm't, LLC, 2014 WL 2095310, at *4 (E.D. Mo. May 20, 2014)). In order to initiate the text messages, defendant must have taken the steps necessary to send them. Id.

To support its argument that it does not initiate calls or text messages, defendant has provided the court with a detailed description of how its platform functions, step-by-step, highlighting that each of those steps is not automatic and requires affirmative acts by its customers. The platform functions as follows: (1) the customer creates an account and logs in; (2) the customer uploads telephone numbers and groups them for various mobile marketing campaigns; (3) the customer selects a group that they wish to target; (4) the customer creates a message to send to that group; (5) the customer either immediately sends the text message to the selected group or schedules a later time at which the text message will be sent to that group. In short, messages are sent only when the customer initiates them. Defendant does not initiate text messages or any other form of communication to any of the telephone numbers that its customers store, in their accounts, on defendant's platform.[3]

---

[3] Defendant provided all of this information to plaintiff well in advance of filing its motion for summary judgment in an effort to assist him in identifying the party responsible for
continue...

Plaintiff, in fact, essentially concedes that defendant did not initiate the text messages in his response to defendant's L.R. 56.1 statement. Plaintiff does not deny that defendant "serves merely as a conduit and carrier of a user's text messages" or that WorldWin Events "utilized [defendant's] platform to send text messages to plaintiff." Doc. 25 at 2. Having made this concession, plaintiff seems to rely on a theory of vicarious liability, asserting in his amended complaint that defendant sent the text messages on WorldWin Events' behalf. As defendant points out, however, plaintiff has failed to plausibly allege, much less offer any facts to support, the theory that defendant is now or ever has been an agent of WorldWin Events, or vice versa. Indeed, plaintiff concedes that he has no knowledge whatsoever regarding defendant's relationship with WorldWin Events, and the court finds not a hint of evidence in the record to indicate an agency relationship between the parties. Adding the words "on behalf of" to the amended complaint is insufficient to allege, much less establish, such a relationship. Toney v. Quality Res., Inc., 75 F. Supp. 3d 727, 744-45 (N.D. Ill. 2014).

As for the automated responses that plaintiff seems to have invited, defendant is not subject to liability for sending them because they do not violate the TCPA. Simply put, "a single message sent in response to plaintiff's text (or texts) is not the kind of intrusive, nuisance call that the TCPA prohibits." Derby v. AOL, Inc., 2015 WL 3477658, at *6 (N.D. Ill. June 1, 2015) (collecting cases holding that no TCPA violation occurs where plaintiff's own text precipitated the alleged violation).

---

[3]...continue sending the text messages and to avoid unnecessary briefing. That effort proved unsuccessful.

Finally, the court notes that defendant has pointed to persuasive authority that defendant's software program is not an ATDS due to the level of human intervention required to send text messages, and defendant would not be liable under the TCPA even if it had initiated the text messages at issue. At the same time, plaintiff fails to cite *any* case law - not one case - to support any of his claims. Plaintiff has done nothing more than assert baseless claims and conclusory denials and, as a result, has failed to raise even a metaphysical doubt as to the material facts at issue. Because "the evidence is such that a reasonable jury could not possibly return a verdict for [plaintiff]," Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986), defendant's motion for summary judgment is granted.

## CONCLUSION

For the reasons stated above, defendant's motion for summary judgment (Doc. 20) is granted.[4]

**ENTER:**     **August 2, 2017**

*Robert W. Gettleman*
Robert W. Gettleman
United States District Judge

---

[4] Plaintiff's motions to strike defendant's affirmative defenses (Doc. 13) and in opposition of defendant's motion for summary judgment (Doc. 24) are denied.