# EXHIBIT C


# Re: Express Text LLC

Rick Franklin

Tue 6/12/2018 5:37 PM

To:Moshe D. Lapin - Lapin Law Firm <moshe@lapinlegal.com>;

Good day, Thanks for getting back to me.

1. I hear your logic, however, I amended my complaint on an entity that does not exist. Further, part of your earlier argument in the case was that I didn't amend my complaint to add the other party, but instead amended to still go after your client. I do see a problem, because someone sent the text messages and I have no way of going after them or amending my complaint to do so. The fact that you say a fictitious entity sent them is not a fact, and will not stand in Court. Your client controlled all the messages.

2. In your example of google- google would be responsible as yahoo email challenged the exact same thing. See...**Sherman v. Yahoo! Inc.**, 2014 U.S. Dist LEXIS 13286 (S. D. Cal. Feb. 3, 2014) As the 7th circuit has said quoting the FCC "Dividing up ownership of the equipment does not circumvent liability of the TCPA".

Regards

---

**From:** Moshe D. Lapin - Lapin Law Firm <moshe@lapinlegal.com>
**Sent:** Tuesday, June 12, 2018 5:05 PM
**To:** rrfrank12@hotmail.com
**Subject:** RE: Express Text LLC

Rick,

I don't see this posing a problem for discovery at all. Our client will provide what it has. As I have previously mentioned, Express Text users don't enter into contracts with Express Text other than the terms of use/terms & conditions (on its website) and agreeing to abide by, and take responsibility for, the TCPA. (I have a Gmail account with Google. If you sought discovery from Google about *my relationship with Google*, the only document Google would be able to produce would be the terms of use to which I agreed when I signed up for an account. I entered into no other contracts with Google. My point is that you seem to envision a lot more than there is in reality. But again, we are committed to getting through discovery efficiently and will provide you with the documents we have. Express Text has nothing to hide.)

As far as whether or not Worldwin Events properly filed as an entity is not relevant. The key is that another person "sent" the messages within the meaning of the TCPA. Let me give you an example. Suppose that I set up



an email account with Google, and in setting up the email account I use a fake name Mickey Mouse. Under my Mickey Mouse account, I then start illegally spamming a bunch of recipients. Surely you can see that Google would not be responsible under the CAN-SPAM Act for my spamming. The fact that Mickey Mouse does not exist as a person would not cause Google to have liability. And the fact that Google could not have entered into a contract with Mickey Mouse does not make Google liable for another's spamming activities. Same is true here. Whether or not Worldwin properly incorporated is irrelevant to the question of whether Express Text was the "sender" under the TCPA.

I will work on a proposed joint discovery plan, or if you prefer to take a stab at it, feel free.

Regards,

Moshe


*Moshe D. Lapin*
LAPIN LAW FIRM
300 E. LOMBARD ST., SUITE 840
BALTIMORE, MD 21202
PHONE: 212-858-0363
FAX: 212-320-0248
Moshe@LapinLegal.com

-

CONFIDENTIALITY NOTICE: This electronic message is from the Lapin Law Firm. It is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you properly received this e-mail as a client, co-counsel or agent of the Lapin Law Firm, you should maintain the confidentiality of its contents in order to preserve the attorney-client or work product privilege that may apply. CIRCULAR 230 NOTICE: The following disclosure is now required pursuant to IRS Circular 230 which regulates the provision of written tax advice by federal tax practitioners. Any tax advice reflected in this email or any attachment hereto was not intended or written by the practitioner to be used, and it cannot be used by the taxpayer, for the purpose of avoiding penalties that may be imposed on the taxpayer. This disclosure will also confirm that there is no limitation imposed hereby on the disclosure of the tax treatment or tax structure of any transaction that is the subject of this email or of any attachment hereto.

> **From:** Rick Franklin <rrfrank12@hotmail.com>
> **Date:** June 12, 2018 at 3:37:32 PM EDT
> **To:** "Moshe D. Lapin " <Moshe@LanternLegal.com>
> **Subject: Re: Express Text LLC**
>
> Good day,

2

Exhibit

1. I'm responding to the Court order that we file a joint discovery plan due on June 22nd. Just so you know I planned to be at the last hearing but my flight got cancelled.

2. I anticipate a problem with discovery because of several newly discovered issues by me: (1) The company that you told me (Worldwin Events) was sending the text messages, does not exist. Under Georgia law you cannot have a P.O. Box as your address and you must register with the Secretary of State with a physical address. The secretary of State has no record of a company ever existing by that name. (2) If a company in Georgia is operating under a d/b/a it must register with the Superior Court of the County it is doing its business. The Superior Court of Fulton county also has no company by that name or doing business under that name or any other name.

3. So the question now turns on what relationship does express text have with a fictitious company that does not exist. Further, how can Express text have any type of contract with a company that doesn't exist. Of course, during discovery I would seek to review a contract and the agreement with this fictitious company as well as the name of the unnamed platform.

4. I don't know if your client mislead you or did not give you all the information, but as an attorney, you have the legal obligation to investigate the matters before filing papers with the Court.

5. I can show the Court that Worldwin doesn't exist. So now your client Express Text is directly responsible for sending the text messages to my cellphone.

6. Please respond to me by Friday June 15th so we can figure out this discovery dispute.

Regards

---

**From:** Moshe D. Lapin <Moshe@LanternLegal.com>
**Sent:** Tuesday, November 8, 2016 3:51 PM
**To:** 'Rick'
**Subject:** RE: Express Text LLC

Dear Rick,

It would be negligent of me and a violation of my professional duty and obligation to my client to make you an arbitrary offer before a thorough exploration and investigation of the merits of the case. My reputation is based on responding to principle and not to pressure. We are happy to

3

Exhibit C

## Re: User Information

Rick Franklin

Mon 9/17/2018 12:12 PM

To: Moshe D. Lapin - Lapin Law Firm <moshe@lapinlegal.com>;

Good day,

1. The company is fictitious company according to Georgia law. They have not registered with the secretary of state by law, and are not doing business under another name according to the fulton county superior court records.

2. Additionally, Georgia law requires that you have a physical address, therefore you cannot use a p.o. box.

Regards

---

**From:** Moshe D. Lapin - Lapin Law Firm <moshe@lapinlegal.com>
**Sent:** Sunday, September 16, 2018 7:59 PM
**To:** rrfrank12@hotmail.com
**Subject:** User Information

Hi Rick,

Without waiving any rights and without obligating our client to provide any information it otherwise would not be obligated to provide at this point, here is the user information that Express Text has on file for the person who set up the account that utilized the platform to send you text messages:

| First Name | Curtis |
|---|---|
| Last Name | Grant |
| Company Name | WorldWin Events |
| Street Address | PO Box 3278 |
| City | Atlanta |
| State | Georgia |
| Zip | 30303 |
| Phone | 678.428.0518 |

4

Exhibit C5

Regards,

Moshe

*Moshe D. Lapin*
LAPIN LAW FIRM
300 E. LOMBARD ST., SUITE 840
BALTIMORE, MD 21202
PHONE: 212-858-0363
FAX: 212-320-0248
Moshe@LapinLegal.com

-

---

CONFIDENTIALITY NOTICE: This electronic message is from the Lapin Law Firm. It is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you properly received this e-mail as a client, co-counsel or agent of the Lapin Law Firm, you should maintain the confidentiality of its contents in order to preserve the attorney-client or work product privilege that may apply. CIRCULAR 230 NOTICE: The following disclosure is now required pursuant to IRS Circular 230 which regulates the provision of written tax advice by federal tax practitioners. Any tax advice reflected in this email or any attachment hereto was not intended or written by the practitioner to be used, and it cannot be used by the taxpayer, for the purpose of avoiding penalties that may be imposed on the taxpayer. This disclosure will also confirm that there is no limitation imposed hereby on the disclosure of the tax treatment or tax structure of any transaction that is the subject of this email or of any attachment hereto.

5